UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INEZ GILCHRIST,<br><br>　　　Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　Defendant | 04 10638 RGS<br><br>Civil Action No. _____ |

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 4-1-04

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE the Defendant, Liberty Mutual Insurance Company, hereby serves notice of removal of the above-entitled action to this Court and makes the following showing in support of such removal:

### PLEADINGS AND PROCEEDINGS TO DATE

1.　On or about December 6, 2003, an action was commenced in Suffolk Superior Court of the Commonwealth of Massachusetts, entitled <u>Inez Gilchrist v. Liberty Mutual Insurance Company</u>, Civil Action No. 03-02327-D, by the filing of a Summons and Complaint, copies of which are attached hereto as <u>Exhibit A</u>.

2.　The first date upon which the Defendant received a copy of said Complaint was March 3, 2004. The foregoing Summons and Complaint and the Tracking Order constitute all the process, pleadings, and orders received by the Defendant to date. No further proceedings have occurred in the state action.

3.　This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves questions involving the laws of the United States. Specifically, this action involves a

a claim of alleged denial, or refusal to pay, benefits under the alleged terms of a long-term disability plan that is an employee welfare benefit plan, and therefore an employee benefit plan, regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Sections 3(1), 3(3), 4(a) and 502(a)(1)(B), 29 U.S.C. §§ 1002(1), 1002(3), 1003(a), and 1132(a)(1)(B).

**ERISA/FEDERAL QUESTION REMOVAL.**

4.  This Court has original jurisdiction under the provisions of Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and 29 U.S.C. § 1441(b), in that Plaintiff here claims entitlement to benefits under a welfare plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), that is regulated by ERISA. Civil enforcement rights under welfare plans are governed by ERISA, and with inapplicable exception, the provisions of ERISA completely supersede and preempt any and all state laws to the extent that they relate to plans regulated by ERISA. Section 514(a) of ERISA, 29 U.S.C. § 1144(a); Ingersoll-Rand Co. V. McClendon, 498 U.S. 133 (1990) and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

5.  Because the United States District Courts have original jurisdiction over, and federal law controls, actions brought to redress alleged denials of benefits and alleged acts unlawfully interfering with the attainment of benefits under welfare plans, Section 502(a), (e) of ERISA, 29 U.S.C. § 1132(a), (e), removal of this case to this Court under the circumstances herein is proper. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

9.  Defendant is providing notice to the Essex Superior Court and Plaintiff of this Notice of Removal in the form attached hereto as Exhibit B.

WHEREFORE, Defendant prays that the above action pending against it in Essex Superior Court, Commonwealth of Massachusetts Civil Action No. 03-02327-D, be removed therefrom to this Court.

Respectfully submitted,

LIBERTY MUTUAL INSRUANCE COMPANY
By its attorneys,

*/s/ Richard W. Paterniti*

Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

April 1, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2004, a copy of the foregoing was served by first class mail on Plaintiff's counsel, John J. LaRivee, 21 Wingate Street, Suite 105, Haverhill, MA 01832.

*/s/ Richard W. Paterniti*
Jackson Lewis LLP