**Law Office of John J. LaRivee, Esq.**
**21 Wingate Street, Suite 105**
**Haverhill, Massachusetts 01832**

ADMITTED IN MASSACHUSETTS
& NEW HAMPSHIRE

(978) 373-8008
(978) 373-8826 (fax)

CERTIFIED MAIL RRR 7003 1061 0601  1266 8525

03-2327 D

Essex County Superior Court
Attn: Civil Clerk
43 Appleton Way
Lawrence, MA 01841

*Gilchrist v. Liberty Mutual Insurance*

Dear Clerk:

Please find civil action cover sheet, statement of damages, complaint and entry fee enclosed regarding the above matter. Please do not hesitate to contact this office should you need anything further.

Sincerely,

John J. LaRivee, Esq.

12/6/03

PhC.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-2327D | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| INEZ GILCHRIST | LIBERTY MUTUAL INSURANCE Co. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| John J. LaRivee, Esq. 21 WINGATE ST #105, HAVERHILL MA 01832 Board of Bar Overseers number: 556912   Tel 978.373.8008 | JC |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | INSURANCE (DISABILITY) (F) | (X) Yes    ( ) No | |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $
2. Total Doctor expenses .............................................. $
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses ................................... $
5. Total other expenses (describe) ................................... $
                                                         Subtotal $

B. Documented lost wages and compensation to date ..................... $
C. Documented property damages to date ............................... $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ................................. $
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

**A TRUE COPY, ATTEST**

Paula T. Melnick
DEPUTY ASST. CLERK

                                                         TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Wrongful denial of short-term and long term disability insurance with 93A/176D county negligence court, breach of implied covenant of good faith + fair dealing. Lost benefits of STD at $322/wk x 16 wks and LTD at $276/wk x 68 wks Continuing another 28 weeks

                                                         TOTAL $81,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _John J. LaRivee Esq_      DATE: 12/6/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

Essex, SS.
Superior Court
Civil Action No. 03-23220

INEZ GILCHRIST )
   Plaintiff )
 )
v. )         COMPLAINT
 )  AND DEMAND FOR JURY TRIAL
LIBERTY MUTUAL )
INSURANCE COMPANY )
   Defendant )
 )

## PARTIES

1. The plaintiff, Inez Gilchrist, ("Plaintiff"), is an individual residing in Haverhill, Massachusetts.

2. The defendant, Liberty Mutual Insurance Company is, upon information and belief, a Massachusetts corporation with a principal place of business in Massachusetts and a disability claims office in Dover, New Hampshire.

## GENERAL ALLEGATIONS OF FACT

3. The plaintiff is a person insured for short term disability benefits and long term disability under policies of insurance issued by Liberty Mutual Insurance Company and sponsored her employer McKesson HBOC.

4. On or about February 25, 2002, the plaintiff became disabled from her regular occupation due to, *inter alia*, Menorrhagia, iron deficiency and pelvic cramping, chronic pelvic pain/ utero fibrosis.

5. Her physician advised that she needed a total hysterectomy and would be unable to work for at least six to eight weeks after the surgery.

6. The surgery was initially scheduled for May 13, 2002.

7. The plaintiff and her physicians completed the necessary paperwork, including medical authorizations, to apply for the subject short term disability benefits.

8. Then plaintiff was approved for short term disability benefits by Liberty and received short term disability benefits from February 26/2002 through May 13 2002.

1

A TRUE COPY, ATTEST



DEPUTY ASST. CLERK

9. The plaintiff's surgery had to be rescheduled to June 28, 2002 due to an abnormality discovered in a presurgical cardiac test, and the need for further follow up evaluation. Liberty was advised of this rescheduling and the need thereof.

10. By letter from Liberty dated June 11, 2002 the plaintiff was told that her claim was closed as of May 14, 2002 because "[Y]ou are able to perform the duties of our job at McKesson because you did not undergo surgery."

11. The June 11, 2002 letter advised she had 180 days to request a review of the decision, and that Liberty would respond with a decision within 45 days of the request unless there were special circumstances requiring an additional 45 days.

12. The surgery was performed on June 28, 2002.

13. The plaintiff did not recover well from the surgery. She developed sciatica, and was clinically depressed and remained unable to work.

14. The plaintiff also developed carpal tunnel syndrome.

15. The plaintiff's physician updated Liberty with records as to her medical status, but this was not intended to be or presented to be a request for review.

16. The plaintiff received a letter from Liberty dated August 14, 2002 requesting additional medical information by september 12, 2002 and stating that the decision on the review would be based on information in the file if not received by that date.

17. The plaintiff obtained counsel who by facsimile correspondence on September 11, 2002, advised Liberty, in sum, that the physician's record was not a request for review, that the plaintiff was still disabled, and asked that the Liberty not make its final decision until after she commenced a formal review through counsel within the 180 day appeal period.

18. By letter dated September 11, 2002, Liberty stated that " Ms. Gilchrist will have until December 7, 2002  with no additional extensions" so submit her request for review.

19. On November 22, and again on November 27, 2003, plaintiff's counsel requested a copy of the STD plan by voice mail to the adjuster at Liberty handling the claim, and received no reply.

20. By letter dated December 4, 2002 (mailed Express Mail next day delivery confirmed by the USPS) the plaintiff commenced the request for the review of the denial of her Short term Disability

2

benefits.

21. Said letter, in sum, included updated medical records; pointed out the faulty logic in Liberty's assertion that the plaintiff was not disabled because she did not have surgery, requested reinstatement of the Short term disability benefits to long term disability benefits at the end of the STD period, and again requested a copy of the short term disability plan.

22. On February 13, 2003, plaintiff's counsel left a voice message with Liberty requesting the status of the appeal and also again repeating the request for a copy of the short term disability plan. There was again no reply.

23. On March 21, 2003, plaintiff counsel sent a certified letter to Liberty (receipt confirmed), noting that over 90 days had passed since the comencement of the appeal, requesting status and again asking for a copy of the STD plan. There was again no reply.

24. On  July 10, 2003, plaintiff through counsel sent a certified demand letter pursuant to Mass. Gen. Laws Ch 93A and 176(D)to Liberty (receipt confirmed, a copy of he letter is enclosed as "Exhibit A") outlining the unfair and deceptive insurance practices engaged in by Liberty and again requesting a copy of the STD plan. Once again there has been no reply.

25. The plaintiff has not been paid the benefits to which she is entitled.

COUNT I
(Breach of Contract STD)

26. The plaintiff incorporates paragraphs 1-25 above as if set forth fully  herein.

27. The defendant, in exchange for good and valuable consideration paid by the plaintiff, was, under the contractual obligations of the policy of insurance required to cause plaintiffs short term disability benefits to be paid, was further required to conduct a fair, reasonable and timely review of her appeal, and otherwise administer her claim in accordance with the terms of the policy of insurance.

28. The defendant Liberty breached its contractual duties to the plaintiff.

29. The defendant's breach of contract caused the plaintiff to suffer damages,including loss short term disability benefits,

3

loss of long term disability benefits, attorneys fees, costs and
emotional distress.

COUNT II
(Breach of Contract LTD)

30. The plaintiff incorporates paragraphs 1-29 above as if set
forth fully  herein.2

31. The defendant, in exchange for good and valuable
consideration paid by the plaintiff, was, under the contractual
obligations of the policy of insurance required to cause
plaintiff's long term disability benefits to be paid, and
otherwise administer her claim in accordance with the terms of
the policy of insurance.

32. The defendant Liberty breached its contractual duties to the
plaintiff.

33. The defendant's breach of contract caused the plaintiff to
suffer damages, including  loss of long term disability benefits,
attorneys fees, costs and emotional distress.

COUNT III
(Negligence)

34.  Plaintiff repeats the allegations of paragraphs 1-33 above
as if set forth fully herein.

35.. The defendant Liberty Mutual owed a duty of reasonable care
in administering the plaintiff's claim for short term and/or long
term disability benefits.

36. The defendant breached this duty by, *inter alia,*
properly reviewing and then denying the claim, not providing plan
documents upon request, commencing review prior to plaintiff's
request, not providing a written decision on the appeal, and
ignoring communications from the plaintiff's counsel. defendant
further breached its duty by negligently supervising its agents
servants and employees responsible for plaintiff's claims.

37. Defendant's negligence proximately caused the plaintiff to
suffer damages including lost short term disability benefits,
loss of long term disability benefits, attorneys fees, costs and
emotional distress.

COUNT IV

4

(Breach of Covenant of good faith and fair dealing)

38.    Plaintiff repeats the allegations of paragraphs 1-39 above as if set forth fully herein.

39. The defendant breached a covenant of good faith and fair dealing with the plaintiff by, *inter alia,* improperly reviewing and then denying the claims, not providing plan documents upon request, commencing review prior to plaintiff's request, not providing a written decision on the appeal, and ignoring communications from the plaintiff's counsel.

40. The defendant's breach of the covenant of good faith and fair dealing caused the plaintiff damages as set forth above.

COUNT V
(Violations of Mass. Gen Laws Ch 93A and 176D)

38.    Plaintiff repeats the allegations of paragraphs 1-39 above as if set forth fully herein.

39. The defendant engaged in unfair claims settlement practices as dined in Mass. Gen Laws. 93 A Sec. 9 and Mass Gen laws Ch 176 D sec. 3 (9), including but not limited to,  subparts a,b,d,f, and n.

40. Such unfair practices, in the course of trade or commerce, as set forth above, consisted of *inter alia,* improperly reviewing and then denying the claims, not providing plan documents upon request, not conducting a reasonable investigation,  commencing review prior to plaintiff's request, not providing a written decision on the appeal, and ignoring communications from the plaintiff's counsel.

41. Pursuant to Mass. Gen Laws Ch. 93A sec. 9(3) a thirty day demand letter was mailed to the defendant (Attached as Exhibit A and incorporated by reference herein) and received on March 24, 2003.

42. The Defendant has failed to respond to said demand letter.

43. the defendant's conduct was wilful or knowing.

Wherefore, plaintiff demands judgment against the defendant as follows;
1) Judgment for her damages as to each count;
2) Treble, or, alternatively double damages provided by Mass. Gen Laws Ch 93A sec. 9(3).

5

3) Reinstatement of past and future LTD and STD benefits;
4) Attorneys fees, interest (pre and post judgment) and costs;
5) whatever other such relief this court deemed reasonable and just.

PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

By her Attorney,

John J, LaRivee, Esq.
BBO# 556912
21 Wingate Street
Suite 105
Haverhill, MA 01832
(978) 373.8008
Date: 12|6/03

6

*EXHIBIT A*

## Law Office of John J. LaRivee, Esq.
### 21 Wingate Street, Suite 105
### Haverhill, Massachusetts 01832

ADMITTED IN MASSACHUSETTS
& NEW HAMPSHIRE

(978) 373-9029
FAX (978) 373-8626

CERT·MAIL 7001 1140 0002 8387 4154

Liberty Mutual Insurance                    July 10, 2003
Group Disability Claims
P.O. Box 1525
Dover, NH  03821

                              RE: Inez Gilchrist
                              Claim # 1024734
                              d/o/b 2/24/58
                              SSN 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

Dear Sir/Madam:

This letter is submitted as a demand for relief in accordance
with Mass. Gen. Laws Ch. 93A secs. 2 and 9, and Mass. Gen Laws
Ch.176D secs.3(9) for unfair and deceptive insurance practices.

Ms. Gilchrist's claim for short term disability benefits was
denied by letter of June 11, 2002. In that letter she was advised
that she had 180 days to commence an appeal. Ms. Gilchrist's
physician then sent a note updating the current status of her
disability. Ms. Gilchrist did not commence an appeal at that
time. Nevertheless, she received a letter from Liberty dated
August 14, 2002 which stated that her file was being reviewed and
that she had until September 12, 2002 to submit additional
medical documentation, or that the decision on her claim would be
based only on the information contained in the file. She retained
counsel who faxed a letter to Liberty on September 11, 2002 which
included additional medical records, and pointed out that Ms.
Gilchrist was not near the end of her appeal period, and that the
note from her physician was not the appeal. By letter of the same
date, Liberty responded, in sum, that Ms. Gilchrist had until
December 7, 2002 to  commence her appeal.

On November 22 and again on November 27, 2002, Ms. Gilchrist's
counsel left a voice message with the adjuster requesting a copy
of the STD plan. The calls were not returned.

Ms. Gilchrist commenced her appeal by letter, through counsel,
dated December 4, 2002  and received by Liberty on December 5,
2002. A copy of this letter (without enclosures) is enclosed
herein along with a copy of the proof of receipt. In sum, the
letter stated that the denial of Ms. Gilchrist's benefits was
ludicrous as it was based on the twisted logic that, because her

A TRUE COPY, ATTEST
*Paula T. Melnick*
DEPUTY ASS'T. CLERK

surgery was postponed, she was somehow no longer disabled. The letter contained updated medical records, requested a copy of the STD plan, and also requested that Ms. Gilchrist be put on long term disability at the close of the STD period. Please refer to said letter for the full discussion.

On February 13, 2003, Ms. Gilchrist's counsel left a voice message with Karilann Sneirsen, Appeal review consultant, enquiring as to the status of the appeal and again requesting a copy of the STD plan. There was no response. On March 21, 2003 counsel sent a certified letter noting that over 90 days had elapsed since the commencement of the appeal, and again requested a copy of the STD plan. To date there has been no response from Liberty.

I call your attention to  the following provisions of Mass Gen. Laws Ch 176D sec. 3(9):

         *(9) Unfair claim settlement practices : an unfair claims settlement practice shall consist of any of the following acts or omissions.*

         *(a) misrepresenting certain facts or insurance policy provisions relating to coverages at issue;*

         *(b) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.*
         *(d) refusing to pay claims without conducting a reasonable investigation based upon all information;*

         *(f) failing to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear;  and*

         *(n) failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a compromise settlement.*

Liberty misrepresented pertinent facts by failing to acknowledge or consider that the postponement of surgery was medically necessary and in no way indicated that Ms. Gilchrist was fit to return to work. Further, Liberty undertook to commence an appeal prior to the claimant's request, based simply on a doctor's note, and thus further pressured the insured to come up with additional medical documentation before she was ready, and before the close of the appeal period allowed under the policy.

Liberty failed to conduct a reasonable investigation. Even the most cursory review of the medical records would have revealed that the postponement of surgery was necessitated by the seriousness of her condition, not an improvement. Liberty failed to effectuate a prompt fair and equitable settlement of this

claim in which liability is blatantly clear, and Liberty further failed to provide a reasonable explanation for its decision. Indeed, it has been over six months since the appeal was commenced an no explanation has been provided. Written and telephonic communications have simply not been returned. Further, plan documents have not been produced despite repeated requests.

Were this a claim under ERISA, Ms. Gilchrist would have more than enough evidence to prevail even under an arbitrary and capricious standard of review, were one to be applied. As the file indicates this is a non-ERISA plan, an action will be brought under the laws of the Commonwealth of Massachusetts, including the consumer protection laws as cited above, with multiple damages, attorneys' fees and costs, if this matter is not resolved, fully, fairly and promptly on Ms. Gilchrist's behalf.

Ms. Gilchrist, is by my calculations, entitled to an additional 16 weeks of STD benefits at $322.00 per week in addition to the benefits previously paid. Further, as Ms. Gilchrist remains disabled she is, by my calculations, entitled to long term disability benefits at $276.00 per week for the past nearly one year and continuing. Ms. Gilchrist has also been caused attorneys fees, emotional distress and upset over this entire matter. However, in the interest of resolving this promptly, Ms. GilChrist demands $30,000.00 (THIRTY THOUSAND DOLLARS) and to be put on LTD benefits to resolve this matter fully and fairly short of litigation.

Finally, please be advised that nothing set forth in this letter, nor any act of Ms. Gilchrist or her attorney, is to be construed as a waiver or relinquishment of any right or rights of Ms. Gilchrist or her attorney, whether specified in this letter or not. Ms Gilchrist fully reserves all rights available to her under the terms of any applicable policy of insurance and the law. Ms Gilchrist further reserves the right to raise her demand if a favorable response is not received within 30 days of your receipt of this letter.

Sincerely,

John J. LaRivee, Esq.

enc.

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2003-02327-D**

RE: **Gilchrist v Liberty Mutual Insurance Co**

TO:John J LaRivee, Esquire
21 Wingate St., Ste.#105
Haverhill, MA 01832

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/07/2004 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2004 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2004 |
| All motions under MRCP 15 filed | 05/06/2004 |
| All discovery requests and depositions completed | 10/03/2004 |
| All motions under MRCP 56 served and heard | 11/02/2004 |
| Final pre-trial conference held and firm trial date set | 12/02/2004 |
| Case disposed | 01/31/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **D** sitting in
**CtRm 1 (Lawrence) at Essex Superior Court.**

Dated: 12/08/2003

A TRUE COPY, ATTEST

*Paula F. Melnick*
DEPUTY ASS'T. CLERK

Thomas H. Driscoll Jr.,
Clerk of Courts

BY:

Edward D. Sullivan
Assistant Clerk

Location: CtRm 1 (Lawrence)
Telephone: (978) 687-7463

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 438788 inidoc01 collado

COMMONWEALTH OF MASSACHUSETTS

Essex, SS.                              Superior Court
                                        C. A. No. ESCV2003-02327D

```
INEZ GILCHRIST            )
    Plaintiff             )
                          )
v.                        )          MOTION TO EXTEND TIME
                          )          FOR SERVICE 30 DAYS
LIBERTY MUTUAL            )
INSURANCE COMPANY         )
    Defendant             )
_____)
```

*[handwritten in left margin: 3/17/04 Motion is Allowed - 30 days additional time is granted. RGS J.]*

Now comes plaintiff in the above entitled acetoin and moves for

an additional 30 days from the tracking order to file the return

of service relative to the above captioned matter. As grounds

therefore, plaintiff states:

1. Plaintiff's counsel forwarded the subject process for service
on the defendant, Liberty Mutual Insurance Company, by first
class mail to the Suffolk County Sheriff's Department on or about
February 21, 2004 for service at the defendant's headquarters in
Boston. Having done business with said Sheriff's Office in the
past, plaintiff's counsel anticipated such service would be
effectuated promptly.

2. Early in the week of March 1, 2004, plaintiff's counsel called
the Sheriff's office to enquire at to the status of the service.
Upon calling there was no opportunity to speak with a live
person. Rather, there was a general voice message stating that
there was a delay in processing all paperwork due to a "software
conversion." The message further asked for patience and
instructed callers to leave a voice message.

3. Plaintiff's counsel left a voice message regarding this
specific case and stated that the return of service was due to
the court no later than March 8, 2004.

4. Having received no return call, plaintiff's counsel again
called the Sheriff's Office on March 3, 2004 and left a  message
similar to the first.

5. As of this writing, the Sheriff's office has still not

                                    1

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

returned the call, and plaintiff's counsel anticipates that service will not effectuated within the time stated in the tracking order.

6. Defendant Liberty Mutual Insurance Company is a large and prominent corporation, service upon which should be a quick and simple matter once the "software conversion" problem at the Sheriff's office is overcome.

7. Allowance of this motion is in the in the interest of justice as the delay in service has been due to unforeseen events beyond the control of plaintiff and her counsel, and allowance of this motion will not cause undue delay to the court or prejudice to any party.

8. Superior Court Rule 9A is not applicable as no party has entered an appearance.

Wherefore, plaitiff moves she be granted an additional 30 days to file the return of service.

By her Attorney,

John J, LaRivee, Esq.
BBO# 556912
21 Wingate Street
Suite 105
Haverhill, MA 01832
(978) 373.8008
Date: 3\5\04

2

3

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT —
CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

ESCV2003-02327-D

Inez Gilchrist
........................................................................................ , Plaintiff(s)

*v.*

Liberty Mutual Insurance Company
........................................................................................ , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon .....John..J...LaRivee,..Esq................................ ,

plaintiff's attorney, whose address is .....21..Wingate..Street,....#105............................. , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence
........................................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**JOHN J. IRWIN, JR.**
WITNESS, .................................... Esquire, at Salem, the 21st
day of *February*
nine hundred and ninety 2004 , in the year of our Lord one thousand

A TRUE COPY, ATTEST
*Paula J. Melnick*
DEPUTY ASST. CLERK

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Office #30

UNITED STATES DISTRICT COURT **04    10638 R**
DISTRICT OF MASSACHUSETTS

INEZ GILCHRIST,

    Plaintiff

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant

Civil Action No.

I HEREBY ATTEST AND CERTIFY ON ___
THAT THE FOREGOING DOCUMENT IS A FULL,
AND CORRECT COPY OF THE ORIGINAL
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE the Defendant, Liberty Mutual Insurance Company, hereby

serves notice of removal of the above-entitled action to this Court and makes the following

showing in support of such removal:

### PLEADINGS AND PROCEEDINGS TO DATE

1.    On or about December 6, 2003, an action was commenced in Suffolk Superior

Court of the Commonwealth of Massachusetts, entitled Inez Gilchrist v. Liberty Mutual

Insurance Company, Civil Action No. 03-02327-D, by the filing of a Summons and Complaint,

copies of which are attached hereto as Exhibit A.

2.    The first date upon which the Defendant received a copy of said Complaint was

March 3, 2004. The foregoing Summons and Complaint and the Tracking Order constitute all the

process, pleadings, and orders received by the Defendant to date. No further proceedings have

occurred in the state action.

3.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as

it involves questions involving the laws of the United States. Specifically, this action involves a

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2003-02327**

Gilchrist

vs.

Liberty Mutual Insurance Co

---

## ORDER OF TRANSFER

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court

Dated at Lawrence, Massachusetts this 28th day of April, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:............................................
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

cvdremandc_1.wpd 469822 ortracae melnickp

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

04/28/2004
11:56 AM

# ESCV2003-02327
# Gilchrist v Liberty Mutual Insurance Co

| | | | |
|---|---|---|---|
| **File Date** | 12/08/2003 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/28/2004 | **Session** | D - Civil-CtRm 2 (Lawrence) |
| **Origin** | 1 | **Case Type** | A99 - Misc contract |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/07/2004 | **Answer** | 05/06/2004 | **Rule12/19/20** | 05/06/2004 |
| **Rule 15** | 05/06/2004 | **Discovery** | 10/03/2004 | **Rule 56** | 11/02/2004 |
| **Final PTC** | 12/02/2004 | **Disposition** | 01/31/2005 | **Jury Trial** | Unknown |

## PARTIES

**Plaintiff**
Inez Gilchrist
Active 12/08/2003

**Private Counsel 556912**
John J LaRivee
21 Wingate St., Ste.#105
Haverhill, MA 01832
Phone: 978-373-8008
Fax: 978-373-8826
Active 12/08/2003 Notify

**Defendant**
Liberty Mutual Insurance Co
Served: 03/03/2004
Served (answr pending) 04/02/2004

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/08/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 12/08/2003 | | Origin 1, Type A99, Track F. |
| 03/08/2004 | 2.0 | Plaintiff's MOTION to extend time for service of process until April 07, 2004 |
| 03/17/2004 | | MOTION (P#2) ALLOWED, 30 days additional time is granted. (Patrick Riley, Justice) Notices mailed March 18, 2004 |
| 04/02/2004 | 3.0 | SERVICE RETURNED: Liberty Mutual Insurance Co(Defendant) in hand to agent, person in charge at time of service |
| 04/28/2004 | 4.0 | Certified copy on Notice of Removal |
| 04/28/2004 | 5.0 | ORDER transferring case to United States District Court |
| 04/28/2004 | | Case REMOVED this date to US District Court of Massachusetts |

## EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/08/2004 | Civil-CtRm 2 (Lawrence) | Status: Review Annual Fee | |

A TRUE COPY, ATTEST
[signature]
DEPUTY ASST. CLERK

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis

Attorneys at Law

| | | |
|---|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| **75 Park Plaza** | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| **Boston, Massachusetts 02116** | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| **Tel 617 367-0025** | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| **Fax 617 367-2155** | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| **www.jacksonlewis.com** | LONG ISLAND, NY | PITTSBURGH, PA |

April 30, 2004

## VIA HAND DELIVERY

Clerk of Court
United States District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Room 2300
Boston, MA 02210

       Re:   Gilchrist v. Liberty Mutual Insurance Company
       *Civil Action No. 1:04-cv-10638-RGS*

Dear Sir/Madam:

     Enclosed for filing and docketing, please find the certified copies of the state court records regarding the above matter, which are submitted pursuant to Local Rule 81.1.

     Please date-stamp the enclosed copy of this letter and return it in the enclosed self-addressed stamped envelope. Thank you.

     Very truly yours,

     JACKSON LEWIS LLP

     Richard W. Paterniti

RWP/th
Enclosure
cc:   John LaRivee
      Andrew C. Pickett