UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INEZ GILCHRIST,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.

Civil Action No.: 04 10638 RGS

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant Liberty Life Assurance Company of Boston ("Liberty Life")[1] hereby answers the allegations contained in Plaintiff's Complaint as follows:

### PARTIES

1.    Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2.    Liberty Life admits the allegations in this paragraph.

### GENERAL ALLEGATIONS OF FACT

3.    Liberty Life admits that the policies in question and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

4.    Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

---

[1] Incorrectly identified in the Complaint as Liberty Mutual Insurance Company.

5. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

6. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

7. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

8. Liberty Life admits the allegations in this paragraph.

9. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

10. Liberty Life admits that the letter dated June 11, 2002 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

11. Liberty Life admits that the letter dated June 11, 2002 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

12. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves.

13. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

14. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

15. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

16. Liberty Life admits that the letter dated August 14, 2002 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

17. Liberty Life admits that the letter dated September 11, 2002 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

18. Liberty Life admits that the letter dated September 11, 2002 from Liberty Life and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

19. Liberty Life denies the allegations in paragraph 19, except admits so much of this paragraph as alleges that it received a voice mail message from an attorney on November 22, 2002.

20. Liberty Life admits that the letter dated December 4, 2002 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

21. Liberty Life admits that the letter in question and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

22. Liberty Life denies the allegations in paragraph 22.

23. Liberty Life admits that the letter dated March 21, 2003 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

24. Liberty Life admits that the letter dated July 10, 2003 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

25. Liberty Life denies the allegations in paragraph 25.

## COUNT I

### (Breach of Contract STD)

26. Liberty Life restates, realleges and reasserts each and every response to paragraphs 1-25 above as if fully set forth herein.

27. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life states that the policy and the administrative record of which it is a part speak for themselves and otherwise denies the allegations in this paragraph.

28. Liberty Life denies the allegations in paragraph 40.

29. Liberty Life denies the allegations in paragraph 41.

## COUNT II

### (Breach of Contract LTD)

30. Liberty Life restates, realleges and reasserts each and every response to paragraphs 1-29 above as if fully set forth herein.

31. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

32. Liberty Life denies the allegations in paragraph 32.

33. Liberty Life denies the allegations in paragraph 33.

## COUNT III

### (Negligence)

34. Liberty Life restates, realleges and reasserts each and every response to paragraphs 1-32 above as if fully set forth herein.

35. Liberty Life denies the allegations in paragraph 35.

36. Liberty Life denies the allegations in paragraph 36.

37. Liberty Life denies the allegations in paragraph 37.

## COUNT IV

### (Breach of Covenant of Good Faith and Fair Dealing)

38. Liberty Life restates, realleges and reasserts each and every response to paragraphs 1-37 above as if fully set forth herein.

39. Liberty Life denies the allegations in paragraph 39.

40. Liberty Life denies the allegations in paragraph 40.

## COUNT V

### (Violations of Mass. Gen Laws Ch. 93A and 176D)

38.(sic) Liberty Life restates, realleges and reasserts each and every response to paragraphs 1-40 above as if fully set forth herein.

39.(sic) Liberty Life denies the allegations in this paragraph.

40.(sic) Liberty Life denies the allegations in this paragraph.

41.(sic) Liberty Life states that the letters in the administrative file speak for themselves and otherwise denies the allegations in this paragraph.

42.(sic) Liberty Life denies the allegations in this paragraph.

43.(sic) Liberty Life denies the allegations in this paragraph.

In response to Plaintiff's request for a trial by jury, Defendant states that Plaintiff is not entitled to a jury trial on her claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious and should be upheld by this Court based upon the administrative record before the decision maker under the policies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

### SEVENTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are preempted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 USC § 1001 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on her claims.

### NINTH AFFIRMATIVE DEFENSE

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other relief as may be just and proper.

                    Respectfully submitted,

                    LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
                    By its attorneys,

                    _____
                    Andrew C. Pickett, BBO# 549872
                    Richard W. Paterniti, BBO#645170
                    Jackson Lewis LLP
                    75 Park Plaza
                    Boston, MA 02116

May 7, 2004           (617) 367-0025

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2004, a copy of the foregoing was served by first class mail on Plaintiff's counsel, John J. LaRivee, 21 Wingate Street, Suite 105, Haverhill, MA 01832.

_____
Jackson Lewis LLP